COLBERG et al. v. EMMERSON.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. CONTRACT FOR ADVANCES—CONSTRUCTION.

In.1893, at Barcelona, Spain, the plaintiffs agreed to advance to defendant the amount necessary to complete the purchase price of 200 jackasses, and to pay all expenses of transportation, with other incidental and necessary expenses, to assure the delivery of the stock in New York City; and defendant agreed "for this service, and as compensation for advancing the funds," to pay to the plaintiffs $1,500. Under this agreement the plaintiffs advanced to defendant more than $6,700, but when the animals reached Bordeaux plaintiffs refused to make further advances to pay the expenses of transportation from there to New York. *Held*, that, as repayment of the advances was not, by the agreement, made conditional upon compliance with all the covenants of the agreement, the refusal to make further advances would not prevent the recovery of the amounts actually advanced.

2. SAME—COMPENSATION.

*Held*, further, however, that plaintiffs' refusal to perform the contract in full precluded the recovery of the $1,500 which was to be paid as compensation for carrying out the agreement.

Appeal from judgment on report of referee.

Action by Hermann Colberg and another against Luke M. Emmerson. From a judgment on report of a referee, both parties appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George A. Strong, for plaintiffs.

Theodore F. C. Demarest, for defendant.

INGRAHAM, J. The referee found that on the 8th day of November, 1893, at Barcelona, Spain, an agreement was entered into between the plaintiffs and the defendant by which the plaintiffs agreed to advance the "necessary amount to complete the total purchase price of said 200 jackasses up to the sum of $4,000, and, besides, to pay all the expenses of transportation by railway and sea, together with other incidental and necessary expenses, to assure the arrival and delivery of the stock in the port of New York City from Vich to said destination." It was further provided and agreed that "for this service, and as compensation for advancing the funds for a service of this kind, Mr. Emmerson shall pay to the plaintiffs the full sum of $1,500, without deduction for expenses." The making of this agreement was not denied, and it was further admitted that under it the plaintiffs advanced to the defendant the sum of $6,716.20; that these animals were shipped from Spain to Bordeaux, in France, the transportation to that point being paid out of the advances made by the plaintiffs to the defendant, but that at Bordeaux the plaintiffs' agent refused to make any further advances, and refused to pay the expenses of transportation from Bordeaux to New York. The referee found in favor of the plaintiffs and against the defendant for the amount of the advances, but held that the plaintiffs were not entitled to recover for the $1,500

which was to be as compensation for making the advances on the ground that by the refusal of the plaintiffs to advance the money to pay the expenses of transportation from Bordeaux to New York the plaintiffs were not entitled to recover the $1,500 which was to be paid as compensation for the advances that they agreed to make. We agree with the disposition of this case made by the learned referee, and it is hardly necessary to add anything to his opinion. It is clear that the defendant is liable for the money loaned by the plaintiffs. By the agreement the plaintiffs agreed to make the advances to the defendant. They were to be repaid in the city of New York immediately on the arrival of the steamer, or, at the latest, within 10 days following the landing of the stock. The repayment of these advances was not, by the agreement, made conditional upon the defendant's complying with all the covenants of the agreement; and the fact that the plaintiffs advanced a certain amount, and then refused to make further advances, would not prevent the plaintiffs from recovering for the amount actually advanced. We think, therefore, that upon the conceded facts the defendant was liable for the advances made by the plaintiffs. The right, however, to recover the $1,500, which was expressly stated to be "for this service, and as compensation for advancing the funds for a service of this kind," the plaintiffs would not be entitled to recover, as it is quite clear that they did not comply with the contract,—that they did not advance the funds which they had agreed to advance under the agreement. The evidence is that they did make certain advances by which the animals were purchased and shipped to Bordeaux. They then refused to make the further necessary advances to pay the expenses of the delivery of the animals at New York City. This was a violation of their agreement, and they were not entitled to recover what it had been agreed should be paid to them as compensation for carrying out the agreement. The fact that the defendant was not bound to, and did not, as a fact, pay the freight until the animals arrived in New York, did not relieve the plaintiffs from their obligation to pay the cost of shipping the animals from Bordeaux to New York. When the demand was made upon the plaintiffs' agent for this money he refused to make any further advances, and, as a matter of fact, no further advances were made. A different question would have been presented if he had offered to pay the freight, either at New York or elsewhere, when required to be paid to insure the transportation of the animals, but, instead of that, the evidence is that he absolutely refused to make any further payment after the last payment that was made at Bordeaux. He refused to make advances sufficient to insure the arrival of the animals at New York.

We think the case was correctly disposed of by the learned referee, and that the judgment appealed from should be affirmed, with costs. All concur.